**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PEDRO HERRERA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 07 C 7235** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **JUDGE DAVID H. COAR** |
| | ) | |
| **Respondent.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Petitioner Pedro Herrera ("Petitioner" or "Herrera") moves this court to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, Herrera's motion is DENIED.

**BACKGROUND**

On July 30, 2003, a jury convicted Herrera of one count of conspiring to possess with intent to distribute heroin and cocaine and a second count of attempting to possess with intent to distribute cocaine. At Herrera's trial, the evidence revealed a conspiracy involving Herrera and his co-defendants, who imported drugs from Mexico and distributed them in the United States. The evidence presented at trial included transcripts of tape recordings in which Herrera planned to meet his co-defendants to exchange a down payment of $150,000 for 50 kilograms of cocaine. Drug Enforcement Administration agents testified that they apprehended Herrera while he was fleeing from the planned meeting and found approximately $150,000 in a trap compartment in his Chevy Blazer. The evidence introduced at trial also included a Notice of Claim form addressed to the Forfeiture Counsel of the Drug Enforcement Administration ("DEA"), in which Herrera claimed ownership of both the Blazer and the $150,000 found in its interior.

Following his jury trial and conviction, this Court sentenced Herrera to 360 months' imprisonment, ten years' supervised release, and a $3,000 fine.

Herrera appealed to the Seventh Circuit, which affirmed his conviction and remanded his sentence for a determination pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005).  *See United States v. Carrillo*, 435 F.3d 767 (7th Cir. 2006).  The Court held that it would have given Herrera the same sentence if the Sentencing Guidelines had been advisory rather than mandatory, *United States v. Herrera*, No. 02 CR 729-2, 2006 WL 3486804 (N.D. Ill. Nov. 30, 2006), and the Seventh Circuit affirmed this decision.  *United States v. Herrera*, 209 Fed. Appx. 585 (7th Cir. 2006).  Herrera did not file a petition for a writ of certiorari in the United States Supreme Court.

On December 17, 2007, Herrera filed this *pro se* motion pursuant to 28 U.S.C. § 2255. Although not entirely clear, Herrera's motion appears to raise four grounds of ineffective assistance of counsel:

> (1) Counsel failed to advise Herrera that the Government would present evidence at trial that he admitted to owning the $150,000 and Blazer in the Notice of Claim form submitted to the DEA;
>
> (2) Counsel failed to advise Herrera that if he pled guilty, he could receive a sentencing reduction for acceptance of responsibility;
>
> (3) Counsel failed to advise Herrera of the effect of relevant conduct on his sentence; and
>
> (4) The cumulative effects of counsel's errors justify relief.

(Hab. Pet., Dkt. 1.)  Herrera concludes that he was prejudiced by his counsel's insufficient performance, and that but for his counsel's deficiencies, he would have entered a guilty plea and received a lower sentence rather than proceeding to trial.  Herrera requests that the Court vacate his conviction and hold an evidentiary hearing on his ineffective assistance of counsel claims.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or their sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted).  If the reviewing court determines that any such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255.

In addition, after reviewing the petitioner's motion, the Government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required.  *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings.  An evidentiary hearing is warranted where a petitioner alleges facts that, if proven, entitle him to relief.  *See Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (internal citations and quotation marks omitted).  Further, the Court must hold an evidentiary hearing if there are disputed facts set forth by affidavits and a disputed material issue.  *See Taylor v. United States*, 287 F.3d 658 (7th Cir. 2002).  "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal."  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990).  Moreover, "a hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations."  *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995).

## ANALYSIS

To prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two-part test articulated in *Strickland v. Washington*, 466 U.S. 688 (1984).  He must demonstrate that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result."  *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009) (citing *Strickland*, 466 U.S. at 687-88, 693).  Under the first prong, "judicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.  To establish prejudice under the second part of the test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*; *see also Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005).  The Court need not address the first prong of the *Strickland* standard if the petitioner is unable to show that his counsel's alleged deficiency prejudiced him.  *See Richardson v. United States*, 379 F.3d 485, 487-88 (7th Cir. 2004).

Herrera first argues that his counsel was ineffective for failing to advise him that the Government was in possession of his Notice of Claim form and could use that document against him at his trial.  The Government contends that this argument is frivolous on its face, and the Court agrees.  Herrera cannot credibly claim that he was unaware of the Government's possession of his Notice of Claim form.  The form, which is attached to Herrera's memorandum in support of his motion (Dkt. 4), is addressed to "Forfeiture Counsel, Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration."  In the text of this form, Herrera claims ownership of the Blazer and cash and states, "[t]he Claimant is requesting that the United States Department of Justice take the appropriate action so that this matter can be

resolved in the United States District Court for the Northern District of Illinois." Herrera signed

the form, and his signature is notarized. Although Herrera claims that his attorney did not advise

him that the form was in the Government's possession, his own affidavit states that his attorney

had advised him to file a claim with the DEA, prepared the claim form for him, and mailed it to

"the authorities." (Herrera Aff., Dkt. 4, ¶¶ 3-4.) Further, it is undisputed that, before Herrera's

trial, the Government raised the possibility that it may call Herrera's attorney as a witness

because of his contacts with the DEA, and the Court appointed the Federal Defender to advise

Herrera on whether he should continue to be represented by the same attorney and his waive

attorney-client privilege. After consulting with the Federal Defender, Herrera chose to waive his

attorney-client privilege and proceed to trial.

Given these facts, the Court rejects Herrera's claim that he was unaware that the

Government possessed his Notice of Claim form and could introduce this form as evidence at his

trial. Herrera simply cannot create a disputed issue for an evidentiary hearing by contradicting

his own notarized form and prior actions taken in Court. *Cf. Pourghoraishi v. Flying J, Inc.*, 449

F.3d 751, 759 (7th Cir. 2006) (plaintiff cannot create an issue of material fact by submitting an

affidavit that contradicts his earlier testimony). Because Herrera fails to establish that his

counsel's performance was deficient or that he was prejudiced as a result, his claim for

ineffective assistance on this ground is unavailing.

Herrera's next claim fails as well. Here, Herrera argues that he was prejudiced by his

attorney's failure to advise him that he could plead guilty and receive a reduction in his sentence

for acceptance of responsibility. In an affidavit submitted along with the Government's response

to Herrera's motion, Herrera's attorney claims that he advised Herrera about his right to plead

guilty and the possibility of obtaining a reduction for acceptance of responsibility. (Levinsohn

Aff., Dkt. 9-2, ¶¶ 4-8.)  However, the Court need not accept these claims as true to find Herrera's

argument specious.  It is undisputed that, just two years before his indictment in this case,

Herrera was indicted after distributing 240 grams of cocaine to a confidential informant, entered

a blind plea of guilty, and received a sentencing reduction for his acceptance of responsibility.

(*United States v. Herrera*, No. 00-CR-565, Dkt. 17, 19.)  Based on these uncontested facts, even

if the Court accepts Herrera's assertion that his attorney did not advise him of his right to plead

guilty and the possibility of receiving a reduced sentence for acceptance of responsibility,

Herrera cannot demonstrate that he was prejudiced by his counsel's alleged deficiency.  *Cf.*

*Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009) (a defendant's mere allegation that he

would have gone to trial rather than pleading guilty is insufficient by itself to establish

prejudice).  Herrera's claim that he was unaware of the very right he had exercised in his prior

case is ultimately unconvincing.

Herrera also argues that if he had known he could have pled guilty when the Court denied

his co-defendant's motion to sever, he would have.  Again, there is no reason to believe that

Herrera was unaware of his right to plead guilty.  In any event, Herrera offers no support for his

argument that pleading guilty at this point would have affected his sentence.  Because the motion

for severance was not made until the eve of trial (*see United States v. Carillo*, No. 02-CR-729,

Dkt. 112), Herrera would not have been automatically entitled to a sentencing reduction for

acceptance of responsibility.  *See United States v. Gray*, 56 Fed. Appx. 280, 281 (7th Cir. 2003)

(affirming district court's decision to deny a reduction for acceptance of responsibility where

defendant pled guilty on the eve of trial).  As the Government points out, courts have refused to

find prejudice where a petitioner's entitlement to an acceptance of responsibility reduction was

uncertain.  *See, e.g.*, *United States v. Botello*, C.R. No. C-03-258(2), C.A. No. C-06-136, 2006

U.S. Dist. LEXIS 76494, at *15 (S.D. Tex. Oct. 20, 2006), *vacated and reinstated*, 2007 U.S. Dist. LEXIS 20921 (S.D. Tex. Mar. 23, 1997); *United States v. Rice*, No. 01-61, 2006 U.S. Dist. LEXIS 16324, at *3-4 (E.D. Ky. Apr. 4, 2006). Even if Herrera could demonstrate that his counsel did not inform him that he could plead guilty upon the Court's denial of his co-defendant's motion to sever, Herrera has failed to establish that he suffered any prejudice as a result of this alleged deficiency.

Herrera next argues that his attorney was constitutionally ineffective because he failed to inform Herrera about the effect of relevant conduct on his sentence. Herrera claims that if his counsel had adequately informed him on this issue, he would have pled guilty instead of proceeding to trial. Again, Herrera fails to demonstrate that he suffered prejudice due to his counsel's alleged error. As the Government points out, Herrera overestimates the effect of relevant conduct on his sentence; he seems to overlook the fact that both relevant conduct and the broad scope of the conspiracy revealed at trial contributed to his sentence. *See Herrera*, 2006 WL 3486804, at *3. In any event, even if there had been some small difference in Herrera's sentence due to relevant conduct, an attorney's inaccurate prediction of a sentence, alone, does not constitute ineffective assistance of counsel. *See United States v. Fuller*, 312 F.3d 287, 293 (7th Cir. 2002). Moreover, Herrera fails to demonstrate prejudice by explaining why the potential for a small reduction in his sentence due to relevant conduct would have led him to plead guilty rather than proceed to trial. *See Wyatt*, 574 F.3d at 458.

Finally, Herrera argues that, even if his counsel's isolated errors were insufficient to entitle him to relief, the cumulative effect of these errors constituted ineffective assistance of counsel. However, as discussed above, Herrera is unable to identify any errors that amount to ineffective assistance of counsel, and therefore, he cannot establish that the cumulative effect of

these alleged errors entitles him to relief.  Because the Court is able to reach this conclusion

based Herrera's motion and the files and records in this case, Herrera's motion is denied without

an evidentiary hearing.  *See Gallo-Vasquez*, 402 F.3d at 797.

## CONCLUSION

For the reasons stated above, Herrera's motion to correct, vacate, or set aside his sentence

pursuant to 28 U.S.C. § 2255 is DENIED.

Enter:
/s/ David H. Coar

_____

David H. Coar
United States District Judge

**Dated:** April 15, 2010