**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PEDRO HERRERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 07 C 7235 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | JUDGE DAVID H. COAR |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Pedro Herrera moves under Fed. R. Civ. P. 59(e) for reconsideration of this Court's order denying his motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. He also moves for a certificate of appealability pursuant to 28 U.S.C. § 2253. For the reasons stated below, both of Herrera's motions are DENIED.

Under Rule 59(e), a court may alter or amend a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Herrera argues that reconsideration is proper because the Court erred in stating that "Herrera fails to demonstrate prejudice by explaining why the potential for a small reduction in his sentence due to relevant conduct would have led him to plead guilty rather than proceed to trial." *Herrera v. United States*, No. 07 C 7235, 2010 WL 1541640, at *4 (N.D. Ill. Apr. 15, 2010). According to Herrera, the Court's reasoning directly conflicts with the Supreme Court's decision in *United States v. Glover*, 531 U.S. 198 (2001).

The context for the portion of Court's opinion that Herrera challenges may be useful. The following is a complete account of the Court's holding with respect to Herrera's claim that

his counsel was ineffective for failing to inform him about the effect of relevant conduct on his sentence:

> Herrera next argues that his attorney was constitutionally ineffective because he failed to inform Herrera about the effect of relevant conduct on his sentence. Herrera claims that if his counsel had adequately informed him on this issue, he would have pled guilty instead of proceeding to trial. Again, Herrera fails to demonstrate that he suffered prejudice due to his counsel's alleged error. As the Government points out, Herrera overestimates the effect of relevant conduct on his sentence; he seems to overlook the fact that both relevant conduct and the broad scope of the conspiracy revealed at trial contributed to his sentence. *See Herrera*, 2006 WL 3486804, at *3. In any event, even if there had been some small difference in Herrera's sentence due to relevant conduct, an attorney's inaccurate prediction of a sentence, alone, does not constitute ineffective assistance of counsel. *See United States v. Fuller*, 312 F.3d 287, 293 (7th Cir. 2002). Moreover, Herrera fails to demonstrate prejudice by explaining why the potential for a small reduction in his sentence due to relevant conduct would have led him to plead guilty rather than proceed to trial. *See Wyatt*, 574 F.3d at 458.

*Herrera*, 2010 WL 1541640, at *4.

As explained in the Court's initial decision, to prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two-part test articulated in *Strickland v. Washington*, 466 U.S. 688 (1984). He must demonstrate that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009) (citing *Strickland,* 466 U.S. at 687-88, 693). If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the court need not consider the other. *Strickland*, 466 U.S. at 697.

Although the Court concluded that Herrera failed to satisfy either prong of the *Strickland* test, the Court could have rejected Herrera's claim on the basis of his failure to satisfy the first prong alone. *See id.* Before reaching the particular statement Herrera challenges, which relates to the second prong of the *Strickland* test, the Court notes that Herrera's failure to satisfy the first prong of the *Strickland* test is sufficient to support the Court's decision. With respect to the first prong of the *Strickland* test, the Court held that "even if there had been some small difference in

Herrera's sentence due to relevant conduct, an attorney's inaccurate prediction of a sentence, alone, does not constitute ineffective assistance of counsel." *Herrera*, 2010 WL 1541640, at \*4. Binding Seventh Circuit precedent dictates that "an attorney's mere inaccurate prediction of a sentence, standing alone, does not demonstrate the deficient performance component of a claim of ineffective assistance of counsel." *United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996); *see also United States v. Fuller*, 312 F.3d 287, 293 (7th Cir. 2002) (same).

In *Barnes*, the Seventh Circuit rejected the petitioner's claim of ineffective assistance of counsel where his attorney failed to inform him that he would be classified as a career offender and failed to communicate the significant sentencing consequences of that classification. *See Barnes*, 83 F.3d at 939-40. Acknowledging the uncertainty inherent in predicting sentencing consequences of guilty pleas, the court upheld "the principle that a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great, as is the case when an attorney errs about whether his client will be classified as a career offender." *Id.* at 940. The court went on to acknowledge that "a gross mischaracterization of the sentencing consequences of a plea may provide a strong indication of deficient performance, but it is not proof of a deficiency." *Id.* Finally, providing guidance that has been followed throughout this circuit, the court explained: "A defendant can prove that his attorney's performance was deficient if he shows that his attorney did not make a good-faith effort to discover the facts relevant to his sentencing, to analyze those facts in terms of the applicable legal principles and to discuss that analysis with him." *Id.*; *see also Bethel v. United States*, 458 F.3d 711, 717-718 (7th Cir. 2006) (applying standard articulated in *Barnes*); *Holman v. United States*, No. 03-cv-4226-JPG, 2006 WL 2038547, at \*3-4 (S.D. Ill. Jul. 19, 2006) (same); *Broadwater v. United States*, No. 204CV307, 201CR15, 2005 WL 1712261, at \*6-7 (N.D. Ind. Jul. 21, 2005) (same).

Here, assuming that Herrera's counsel did not inform him of the impact of relevant conduct on his sentence, Herrera fails to demonstrate that this error reaches the level of "gross mischaracterization" indicative of deficient performance, or that his attorney failed to make a good-faith effort in counseling Herrera about his potential sentence. *See also United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) (rejecting ineffective assistance claim where attorney failed to inform petitioner that he would be subject to a minimum additional sentence of five years' incarceration and incorrectly suggested that he would be eligible for boot camp in part because counsel's representations did not approach the line of "gross mischaracterization" that indicates constitutionally defective performance); *cf. Key v. United States*, 72 Fed. Appx. 485, 487 (7th Cir. 2003) (rejecting petitioner's argument that he would have made a "blind" plea rather than going to trial if his counsel had accurately informed him of the effect of relevant conduct on his sentence and holding that "[i]n the absence of a concrete plea offer, counsel's incorrect prediction of [petitioner]'s sentence cannot be deemed to constitute objectively unreasonable performance.").

The Court could have rejected Herrera's claim after finding that he did not clear the high bar necessary to establish that his counsel's performance was constitutionally deficient. However, the Court went on to determine that Herrera could not demonstrate prejudice either. It is this part of the Court's decision that Herrera challenges. Here, the Court stated that "Herrera fails to demonstrate prejudice by explaining why the potential for a small reduction in his sentence due to relevant conduct would have led him to plead guilty rather than proceed to trial." *Herrera*, 2010 WL 1541640, at *4. Although Herrera does not make this argument in his motion for reconsideration, the statement he challenges actually should have read: "Herrera fails to demonstrate prejudice by explaining why the potential for *an increase* in his sentence due to

relevant conduct would have led him to plead guilty . . . ." After all, Herrera claims that, if his attorney had informed him that relevant conduct would increase his sentence, he would have pled guilty rather than going to trial. In any event, because the Court's reasoning turns on the insufficiency of Herrera's evidence that he suffered prejudice, not the actual substance of his attorney's advice, the Court's conclusion remains the same.

Further explanation of the Court's reasoning and conclusion may be useful. Under well-established Seventh Circuit precedent, a petitioner must present objective evidence—and not merely his own self-serving testimony—to demonstrate that his counsel's deficient advice caused him to go to trial rather than pleading guilty. *See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996); *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991), *cert denied,* 505 U.S. 1223 (1992); *see also Henry v. United States*, No. 03 CV 4024 JPG, 2006 WL 839435, at *5 (S.D. Ill. Mar. 29, 2006) ("the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony is not enough").[1] Here, Herrera offers only his own self-serving testimony, rather than any objective evidence, in support of his claim that he would have gone to trial instead of pleading guilty were it not for his attorney's inadequate advice. This testimony is especially unreliable here, as the assumptions on which Herrera bases his argument are not entirely accurate. Herrera seems to misperceive how much of his higher-than-expected sentence is actually attributable to relevant conduct. As the Government points out, Herrera apparently overlooks the fact that both relevant conduct and the broad scope of the conspiracy revealed at trial contributed to his sentence. *See United States v.*

---

[1] There is no reason to believe that the standard would be any different for Herrera's claim that, but for his counsel's advice, he would have gone to trial rather than pleading guilty. This standard is merely a gloss on the broader *Strickland* requirement that a petitioner demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Key*, 72 Fed. Appx. at 488 (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted).

*Herrera*, No. 02 CR 729-2, 2006 WL 3486804, at *3 (N.D. Ill. Nov. 30, 2006). In any event, under Seventh Circuit precedent, Herrera's testimony, unsupported by objective evidence, is insufficient to satisfy the prejudice prong of the *Strickland* test.

Herrera claims that the Court's decision conflicts with *Glover v. United States*, 531 U.S. 198 (2001). However, *Glover* is inapposite. In *Glover*, the Supreme Court ruled only on the "prejudice" prong of the *Strickland* test. *Id.* Because of its focus on prejudice, the Court simply assumed that the trial court erred in calculating the petitioner's sentence, which caused an increase in his sentence ranging from 6 to 21 months. *Id.* at 199-200. The Court rejected the Seventh Circuit's decision that a 6-21-month prison term increase is insufficient to establish prejudice and held that "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203. Here, the Court need not even consider prejudice in order to reject Herrera's claim because Herrera fails to satisfy the first prong of the *Strickland* standard. *See Strickland*, 466 U.S. at 697. In any event, as explained above, Herrera also fails to demonstrate prejudice because he presents only self-serving testimony to support his claim that, if his attorney had predicted a higher sentence based on relevant conduct, he would have pled guilty instead of proceeding to trial. Here, Herrera's failure to establish prejudice is based on the deficiency of evidence in furtherance of his claim, not on how far off his attorney's sentencing prediction actually was. Ultimately, Herrera's argument that the Court's decision runs in direct conflict with *Glover v. United States* is unavailing. Because Herrera fails to "demonstrate a manifest error of law" as required by Rule 59(e), his motion for reconsideration is DENIED. *See Obriecht*, 517 F.3d at 494.

Herrera's request for a certificate of appealability is also based on his argument that the Court's decision conflicts with *Glover v. United States*. Because this argument fails for the

reasons explained above, and Herrera fails otherwise to meet the standard required to receive a certificate of appealability, his request is denied. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings (Eff. Dec. 1, 2009). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons articulated in both this opinion and the Court's initial opinion denying Herrera's § 2255 petition, Herrera has not made a substantial showing that any of his constitutional rights have been denied. Accordingly, his motion for a certificate of appealability is DENIED.

## CONCLUSION

For the reasons stated above, Herrera's motions for reconsideration and for a certificate of appealability are DENIED.

    Enter:
/s/ David H. Coar

_____
David H. Coar
United States District Judge

**Dated:** June 7, 2010